UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBIN COATES,

    Plaintiff,

v.                          CASE NO.:

PROG LEASING, LLC., d/b/a
PROGRESSIVE LEASING,

    Defendant

_____/

## COMPLAINT

COMES NOW, Plaintiff, Robin Coates, by and through the undersigned counsel, and sues Defendant, PROG LEASING, L.L.C., D/B/A PROGRESSIVE LEASING, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like PROG LEASING, L.L.C., D/B/A PROGRESSIVE LEASING from invading American citizen's privacy and to prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).   Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling."   *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.      Venue is proper in this District as Plaintiff resides within this District (Fulton County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within Fulton County, Georgia.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person, and citizen of the State of Georgia, residing in Fulton County, Georgia.

9.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant, PROG LEASING, L.L.C., D/B/A PROGRESSIVE LEASING (hereinafter "Progressive Leasing"), is a corporation which was formed in Delaware with its principal place of business located at 256 West Data Drive, Draper, UT, 84020 and which conducts business in the State of Georgia through its registered agent, CT Corporation System, located at 1201 Peachtree Street NE, Atlanta, GA 30361.

11.     Progressive Leasing called Plaintiff approximately 300 times since July 1, 2015, in an attempt to collect a debt.

12.     Upon information and belief, some or all of the calls Progressive Leasing made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that her knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she

answered her phone before a voice came on the line and/or she received prerecorded messages from Progressive Leasing.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (240) ***-8020 and was the called party and recipient of Defendant's calls.

14.     Beginning on or about July 1, 2015, Progressive Leasing began bombarding Plaintiff's cellular telephone (240) ***-8020 in an attempt to collect a debt.

15.     Defendant knowingly and/or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately July 1, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort to collect a debt.

16.     On or about September 4, 2015 Plaintiff first requested that the calls to her cell phone cease.  The Plaintiff orally revoked her consent to be called by the Defendant many more times in an effort to stop the collection calls.

17.     Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after September 4, 2015 were done so after she had revoked consent.

18.    Plaintiff is the regular user and carrier of the cellular telephone number ((240) ***-8020 and was the called party and recipient of Defendant's auto dialer calls.

19.    The auto dialer calls from Defendant came from the telephone numbers including but not limited to (877) 898-1970; (319) 536-3480; (208) 497-3613; (208) 497-3616; (312) 525-9091; (312) 525-9094; (260) 247-7026; (260) 247-7023; (316) 768-5658; (316) 768-5661; (415) 365-2214; (201) 994-4853; (360) 338-7239; (319) 536-3486; (319) 536-3483; (307) 223-3229 and (208) 497-3613, and when those numbers are called, a pre-recorded voice or a representative answers and identifies the company as "Progressive Leasing".

20.    Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

21.    The Plaintiff received an estimated one hundred (100) calls from the Defendant between the time she initially revoked her consent to be called in September 2015 and the filing of this law suit, and estimates dozens of other calls before that time period.

22.    Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but  not limted to calls Plaintiff was able

to log on September 29, 2015; September 30, 2015; October 1, 2015; October 2, 2015 and October 3, 2015.

23.    Progressive Leasing has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

24.    Progressive Leasing has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Progressive Leasing, to remove the number.

25.    Progressive Leasing's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Progressive Leasing they do not wish to be called.

26.    Progressive Leasing has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27.    Progressive Leasing has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

28.    Progressive Leasing has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

29.    Progressive Leasing's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Progressive Leasing's call list.

30.    Progressive Leasing has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31.    Not one of Progressive Leasing's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32.    Progressive Leasing willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33.    As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

34.    Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35.    Progressive Leasing willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular

telephone after Plaintiff notified Progressive Leasing that Plaintiff wished for the calls to stop

36.    Progressvie Leasing repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PROG LEASING, L.L.C., D/B/A PROGRESSIVE LEASING for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
tgomez@forthepeople.com
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com

Attorney for Plaintiff